U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUN 28 2018

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRACEY BELLIZANE | CIVIL ACTION NO. 6:16-CV-01508 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| J C PENNEY CORP., INC., ET AL | BY CONSENT OF THE PARTIES |

## ORDER

Before the Court is a motion to strike expert witnesses (Rec. Doc. 73), which was filed by the plaintiff, Tracey Bellizane. The plaintiff asks this Court to exclude from trial all three of the defendant's expert witnesses, due to one expert's report being submitted eleven (11) days beyond the deadline and the other two experts' reports being incomplete for failure to provide certain information therewith, as required under Federal Rule of Civil Procedure 26(a)(2)(B)(iv), (v), and (vi). The defendant, J.C. Penney Corp., Inc., opposes the motion (Rec. Doc. 75). Although the defendant acknowledges both the untimeliness of the one report and the initial deficiencies of the other two, it argues that the errors were harmless, did not prejudice the plaintiff in any way, and the deficiencies have now been cured. Oral argument was held on June 28, 2018.

As to the defendant's vocational expert, Bob Gisclair, the plaintiff accurately states that his expert report was not provided until April 6, 2018, which was eleven

(11) days past the applicable March 26, 2018, deadline. The defendant responds by noting that Mr. Gisclair evaluated the plaintiff at plaintiff's counsel's office, on March 14, 2018, in order to counter the anticipated testimony of the plaintiff's vocational expert, Lucy Sapp. Thus, the plaintiff has neither alleged nor established that she was prejudiced in any way by the report, which was provided to her four months prior to the current trial date. This Court agrees with defense counsel's acknowledgment that it would have been appropriate to request an extension of the deadline or otherwise alert the plaintiff to the anticipated delay; however, in light of the relatively short delay and the absence of any prejudice to the plaintiff, the Court finds that the untimely disclosure of the expert's report was harmless.

As to the defendant's remaining two experts, Drs. Rick J. Ahmad and Patrick A. Juneau, the plaintiff seeks exclusion thereof for the defendant's failure to include each witness's qualifications, a list of publications authored during the last 10 years, a list of cases in which the expert has testified or been deposed over the last 4 years, and a statement of compensation, as required by Rule 26(a)(2)(B)(iv), (v), and (vi), respectively. Again, defense counsel readily admits that the required information was inadvertently omitted; however, the deficiencies have since been cured, such that the plaintiff is now in possession of all required information. The defendant further notes that each of these expert's reports was provided to the plaintiff more

than one month prior to the deadline, and the plaintiff has failed to establish any prejudice as a result of the defendant's errors. Thus, this Court likewise finds this deficiency to have been harmless and takes this opportunity to remind counsel of the "spirit of cooperation and fair play that animates Rule 26." *Davidson v. Georgia Pacific, LLC*, 2014 WL 36621, at *6 (W.D. La. Jan. 6, 2014) (citing *Foreman v. Am. Road Lines, Inc.*, 623 F.Supp.2d 1327, 1330 (S.D. Ala. 2008)). Accordingly, the motion (Rec. Doc. 73) is DENIED.

Signed at Lafayette, Louisiana on this ___ day of June 2018.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE